IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GEORGE ROBERT BROWN,

    Plaintiff,

vs.

NEW MEXICO VETERANS
SERVICES COMMISSION et al.,

    Defendants.

CIVIL NO. 04-1037 MCA/LFG

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION FOR HEARING
## AND DISMISSING LAWSUIT WITHOUT PREJUDICE

On February 9, 2005, the Court entered an order directing that Plaintiff George Robert Brown ("Brown") file a first amended complaint. The order was entered based on the Court's review of the pleadings and determination that Brown's complaint was both unintelligible and illegible. In addition, the Court noted numerous pleading deficiencies. Specifically, the Court advised Brown that the original Defendant "NMVSC" was neither identified nor had Brown indicated how that Defendant violated Brown's rights. Brown used a *pro se* form 42 U.S.C. §1983 complaint, but failed to state that NMVSC was acting under the color of state law. The Court observed that this was an essential element of a 42 U.S.C. § 1983 complaint [Doc. 4].

Brown's complaint was so illegible in places that the Court was unable to ascertain with any certainty the nature of his dispute. The Court required that Brown file an amended

complaint and comply with pleading requirements of Fed. R. Civ. P. 8 in that he set out: (1) a short and plain statement of the grounds upon which the Court's jurisdiction depends; (2) a short and plain statement of the claims showing that he is entitled to relief; and (3) the demand for judgment or relief that he seeks.

On February 14, 2005, Brown filed a new complaint which the Court will liberally construe as a first amended complaint [Doc. 5]. Unfortunately, this amended complaint suffers from the same infirmities as the first.

In his amended complaint, Brown identifies an individual, Robert Wolf, as a Defendant. However, he clarifies that the second Defendant, NMVSC (New Mexico Veterans Services Commission) is a state agency. The Court previously advised Mr. Brown in footnote 1, page 2, of the Court's Order [Doc. 4] as follows:

> Brown is advised that an individual is unable to bring a cognizable lawsuit for money damages against a state, a state agency, or state officers acting in their official capacities because they are not considered "persons" under §1983. Sutton v. Utah State School for Deaf and Blind, 173 F.3d 1226, 1237 (10th Cir. 1999) (internal citation omitted). Moreover, with limited exceptions, the Eleventh Amendment prohibits a citizen from filing suit for money damages against a state or state agency in federal court. Ruiz v. McDonnell, 299 F.3d 1173, 1180-81 (10th Cir. 2002), cert. denied 538 U.S. 999 (2003); Pennhurst State Sch. and Hosp. v. Halderman, 465 U.S. 89, 100 (1984); see also ANR Pipeline Co. v. Lafaver, 150 F.3rd 1178, 1187 (10th Cir. 1998) ("when a suit seeks money damages against an official of a state agency, suing that official in his or her official capacity, then the 'real party in interest' is the state, and the suit is barred by the Eleventh Amendment") (internal citation omitted), cert. denied, 525 U.S. 1122 (1999).

2

Even though the Court gave a specific admonition that a state or state agency could not be sued for money damage, Brown persists in again seeking to name a state agency as a defendant in a Section 1983 lawsuit. This is impermissible.

Further, in his new amended complaint, Brown states in paragraph 2 that the new Defendant Robert Wolf was *not* acting under color of state law at the time Brown's claims arose. (See Complaint, page 1, paragraph 2).

A successful § 1983 claim authorizes a court to grant relief when a party's federally protected rights have been violated by a state or local official or other person acting under color of state law. Thus, a person who asserts a claim for relief under § 1983 must satisfy two pleading and proof requirements: (1) the plaintiff must allege that some person has deprived him of a federal right, and (2) he must allege that the person who has deprived him of that right was acting under color of state or territorial law. West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55 (1988).

Even affording the legible provisions of Brown's amended complaint the liberal interpretation authorized for *pro se* litigants, Brown has simply has not properly plead a § 1983 claim. If Wolf was not acting under color of state law, a § 1983 action is inappropriate altogether. Moreover, Brown may not sue a state agency for monetary damages and that is precisely what Brown requests.

Brown's original complaint was illegible in many instances and the present complaint is even more so. While there is no requirement that complaints be typewritten, it stands to

3

reason that they must at least be legible. Notwithstanding the Court's efforts in attempting to read some of his statements, Brown's handwriting is in many instances patently illegible and portions of the complaint appear as gibberish.

While a *pro se* litigant's pleadings are liberally construed, a plaintiff must still "comply with the fundamental requirements of the Federal Rules of Civil Procedure." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991); Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994), *cert. denied*, 513 U.S. 1090 (1995). Moreover, a *pro se* plaintiff must set forth sufficient facts to support his claims. Diaz v. Paul J. Kennedy Law Firm, 289 f.3d 671, 674 (10th Cir. 2002). In this instance, Brown simply fails to meet the requisite standards. The Court has previously given specific directions on how to re-file an amended complaint and Brown failed to comply.

This is not the first instance where Brown's noncompliance with Rules of Civil Procedure resulted in the dismissal of his lawsuit. On a prior occasion, the Honorable James Browning dismissed Brown's lawsuit (which appears to be the same lawsuit he is currently asserting) because Brown failed to comply with Fed. R. Civ. P. 4(m). Brown v. NMUSC, CIV 03-1388 JB/RHS. Brown was directed to show cause why the complaint should not be dismissed, and he failed to respond to Judge Browning's order and failed to properly effect service. Accordingly, Judge Browning dismissed his case without prejudice.

The Court determines that Brown's present lawsuit should again be dismissed without prejudice. Before Brown files a new lawsuit, he should consult with counsel or may wish

4

to seek legal assistance from the New Mexico State Bar Association Lawyer Referral Service or various publicly-funded legal assistance programs.

IT IS THEREFORE ORDERED that:

1. Brown's motion for hearing [Doc. 6] is DENIED; and

2. the First Amended Complaint [Doc. 5] is dismissed in its entirety without prejudice.

_____  3-30-2005
M. CHRISTINA ARMIJO
UNITED STATES DISTRICT JUDGE